# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50803
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CALVIN RAY DAVIS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-48-2

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Calvin Ray Davis was convicted by a jury of one count of aiding and abetting the possession of 50 grams or more of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The jury acquitted him of aiding and abetting the possession of 500 grams or more of cocaine with the intent to distribute. The district court sentenced him to the mandatory term

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of life in prison required by § 841(b)(1)(A). Davis now appeals his conviction and sentence.

Davis first challenges the Government's use of a peremptory challenge to excuse Juror Menefield, the only African-American member of the venire from the jury, arguing that it violated his constitutional rights in light of *Batson v. Kentucky*, 476 U.S. 79 (1986), which set out a three-step burden-shifting scheme for analyzing claims of discrimination in jury selection. We review the district court's *Batson* determination for clear error. *See United States v. Williams*, 264 F.3d 561, 571 (5th Cir. 2001). As there is no dispute that Davis satisfied his prima facie burden at *Batson*'s first step, we look to whether the Government gave race-neutral reasons for excluding the juror and whether those reasons were a pretext for discrimination. *See United States v. Brown*, 553 F.3d 768, 796 (5th Cir. 2008).

The Government offered several race-neutral reasons for excluding Juror Menefield. First, she had a brother who had served time in prison for a drug offense. Although two white jurors, Juror Gallegos and Juror Simmons, also had relatives with prior drug offenses, they also had family members in law enforcement. In addition, contrary to Davis's argument, both these jurors viewed their relatives' experiences positively, stating that their relatives were better persons. Juror Simmons further stated that he was a strong supporter of the judicial system. In addition, Juror Menefield knew a key Government witness, Deyna Griffith, from church, a valid reason for exclusion. The Government also excluded two white jurors who had relatives with criminal histories. Given the foregoing factors, the Government satisfied its minimal burden of providing race-neutral explanations, and we find no clear error in the district court's ultimate determination that the strike of Juror Menefield was not motivated by improper racial considerations. *See Williams*, 264 F.3d at 572; *see also Haynes v. Quarterman*, 526 F.3d 189, 201 (5th Cir. 2008) (discussing comparison of juror qualities).

Davis next argues that the district court erred by substituting an alternate juror for a juror who disclosed, after jury selection had been completed, that her nephew was in prison for a federal drug offense. A district court may empanel alternate jurors to replace any jurors "who are unable to perform or who are disqualified from performing their duties." FED. R. CRIM. P. 24(c)(1). We will not disturb the district court's exercise of its discretion to remove a juror who is unable to perform her duties absent a finding that it prejudiced a party. *United States v. Huntress,* 956 F.2d 1309, 1312 (5th Cir. 1992). The district court did not abuse its discretion here. The replaced juror's nephew was a friend of the juror's son and was being prosecuted by the same United States Attorney's office that was prosecuting Davis. Further, the nephew's family had exhibited significant displeasure towards the prosecution. Additionally, the nephew's counsel was assisted by the partner of Davis's counsel. In light of those facts, the district court did not dismiss the juror without factual basis or for a legally irrelevant reason; thus, we find no abuse of discretion. *See Huntress*, 956 F.2d at 1312.

Davis next argues that the evidence was insufficient to demonstrate his guilt. Because Davis preserved his sufficiency challenge, we review to determine whether, "viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence in support of the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Ferguson,* 211 F.3d 878, 882 (5th Cir. 2000).

There is no question that the Government demonstrated the elements of the underlying offense of possession of crack cocaine with intent to distribute. We conclude that the evidence also satisfied the elements of aiding and abetting. *See United States v. McDowell*, 498 F.3d 308, 313 (5th Cir. 2007). In particular, the testimony of Deyna Griffith and Joseph Sarabia, in combination with the evidence of crack distribution recovered from the kitchen of the apartment where

Davis was arrested, supports the jury's verdict. Despite Davis's challenges to Griffith's motivation and his own testimony disputing the assertions by Griffith and Sarabia, we see nothing in the record that would warrant disturbing the jury's credibility determinations. *See United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993); *United States v. McKenzie*, 768 F.2d 602, 605 (5th Cir. 1985). In addition, the lack of physical evidence, such as fingerprints, linking Davis to the drugs does not negate the testimony supporting the jury's finding. We also reject his passing assertion that the acquittal on the powder cocaine count demonstrates the lack of sufficiency on the crack cocaine count, particularly given the evidence that Davis sold crack rather than powder cocaine. *See, e.g., United States v. Parks*, 68 F.3d 860, 865 (5th Cir. 1995).

Finally, Davis contends that his mandatory life sentence violates the Eighth Amendment. As Davis effectively concedes, this argument is without merit. *See United States v. Fisher*, 22 F.3d 574, 579-80 (5th Cir. 1994); *United States v. Fragoso*, 978 F.2d 896, 903 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.